**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHARLIER ROCHELLE,** ) | |
|        **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:12-CV-2262-K (BF) |
| ) | |
| **AURORA LOAN SERVICES, LLC,** ) | |
|        **Defendant.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. The Court recommends that Plaintiff's claims against Aurora Loan Services, LLC ("Aurora") be dismissed without prejudice for failure to obtain service on Aurora within 120 days of the date this case was filed.

**STANDARD OF REVIEW**

FED. R. CIV. P. 4(c) provides that proper service must be made within 120 days after the filing of the complaint, or the action is subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m). In addition, Rule 4.1 of the Local Civil Rules for the Northern District of Texas requires that Plaintiff file a valid return of service with the Court or otherwise show that each defendant has been served. If Plaintiffs fail to do so, Plaintiff's claims against any unserved defendant may be dismissed without prejudice.

**Analysis**

More than 120 days has expired since Plaintiff filed this case on July 12, 2012. Plaintiff paid the filing fee and is responsible for service in this case. No return of service shows that Plaintiff duly served Aurora. Aurora has not appeared or otherwise answered the lawsuit. On August 9, 2012, the Court cautioned Plaintiff that in a fee paid case, such as this one, Plaintiff had 120 days

from the date of filing to obtain service on Defendant and file proof of service with the Court. The Court further notified Plaintiff that failure to meet these requirements could result in a recommendation that the case be dismissed without prejudice. Plaintiff has failed to serve Aurora within 120 days or to show good cause for failing to serve Aurora.

## RECOMMENDATION

The Court recommends that the District Court *sua sponte* dismiss without prejudice all of Plaintiff's claims against Aurora pursuant to FED. R. CIV. P. 4(m). Because no claims would remain, the Court further recommends that the case be closed administratively.

**SO RECOMMENDED**, November 30, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### **INSTRUCTIONS FOR SERVICE AND**
### **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections within fourteen days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).